UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

HILARY BEST,

                Plaintiff,

-against-                                                                          **MEMORANDUM**
                                                      **AND ORDER**
JAMES MONACO, and                                                   **09-CV-05260 (NGG)**
CAROLYN PHILLPOTTS,

                Defendants.
_____X
NICHOLAS G. GARAUFIS United States District Judge:

      Plaintiff Hilary Best ("Plaintiff"), filed this pro se action under 42 U.S.C. § 1983 against Defendant James Monaco ("Monaco"), a detective with the New York City Police Department, alleging that Monaco falsified an affidavit in support of a search warrant, resulting in an illegal search of Plaintiff's home. (See Compl. (Docket Entry # 1).) By Order dated December 23, 2009, Plaintiff was granted thirty days to re-plead his claims. (See Memorandum & Order ("Monaco I") (Docket Entry # 3).) After two extensions of time Plaintiff submitted a timely Amended Complaint, adding Defendant Carolyn Phillpotts ("Phillpotts") as a Defendant to this action. (See Amend. Compl. (Docket Entry #10).) For the following reasons, Plaintiff's claims are dismissed.

**I. Discussion**

      The court construes Plaintiff's pro se pleadings liberally, particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is "(i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## A. Claim against Monaco

In the court's December 23, 2009 Order, the court dismissed Plaintiff's Fourth Amendment claim for failure to state a claim on which relief may be granted. (See Monaco I at 4.) Nothing in Plaintiff's Amended Complaint changes the court's conclusion on this matter. Accordingly, Plaintiff's claim against Monaco is dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Claim against Phillpotts

In his Complaint, Plaintiff claimed that the police department deprived him of his seized property until December 2006 and that "other property seized" had not been returned. (Compl. ¶ IV.) In its previous Order, the court dismissed Plaintiff's Fourth Amendment claim arising from the police department's retention of his property. (Monaco I at 5.) The court, however, construed Plaintiff's claim broadly and afforded him an opportunity to replead it as a claim for unlawful retention of property in violation of procedural due process. (Id.)

In his Amended Complaint, Plaintiff alleges that property seized from his home pursuant to the warrant was "not logged as required by law" and was not returned to him. (Amend. Compl. ¶ IV.) He alleges that on or about December 2007, Defendant Phillpotts advised him that he could retrieve his computers. (Id.) When Plaintiff first went to retrieve his computers, he claims that the police department stated that they were missing. (Id.) And when Plaintiff ultimately retrieved his computers, he claims that they were missing "a video card and video files." (Id.)

Plaintiff cannot state a due process claim based on these allegations. Whether Phillpotts

2

unlawfully retained his property negligently or intentionally, adequate state-law postdeprivation remedies exist. The Fourteenth Amendment's Due Process Clause is not violated when a state employee negligently or intentionally deprives an individual of property, if "the state makes available a meaningful postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Parratt v. Taylor, 451 U.S. 527, 536-38 (1981). In the context of property seized pursuant to a search warrant, adequate postdeprivation remedies satisfy procedural due process. See Malapanis v. Regan, 335 F. Supp. 2d 285, 293 n.5 (D. Conn. 2004); Heicklen v. Toala, No. 08-CV-2457 (JGK), 2010 WL 565426, at *6 (S.D.N.Y. Feb. 18, 2010).

Depending on the posture of the property owner's corresponding criminal case, New York law provides property owners with several remedies to recover property seized pursuant to a search warrant. If a criminal defendant successfully moves to suppress unlawfully seized property, the suppression court may, upon the defendant's request, order that the seized property be returned to him or her. See N.Y. Crim. Proc. § 710.70. If the defendant did not move to suppress the seized property, then he or she may move the court that issued the warrant to return the property. See N.Y. Crim. Proc. § 690.55 (disposition of seized property); Matter of Moss v. Spitzer, 19 A.D.3d 599 (2d Dept. 2005) ("property seized pursuant to a search warrant remains in the control of the issuing judge"). If no criminal prosecution is pending, a property owner may either file an action for replevin or a CPLR "[A]rticle 78 proceeding to review a refusal after demand." Boyle v. Kelley, 42 N.Y.2d 88, 91 (1977). Because these state-law postdeprivation remedies provide Plaintiff with adequate process to assert his property rights, the court finds that Plaintiff cannot plead a violation of his federal due process rights. Accordingly, Plaintiff's claim for unlawful retention of his property without due process of law is dismissed. See 28 U.S.C. §

1915(e)(2)(B)(ii).

## II. CONCLUSION

Plaintiff's Amended Complaint is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      April 5, 2010

s/Nicholas G. Garaufis
_____
Nicholas G. Garaufis
United States District Judge